# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    )
    )
    v.    )    IK12-09-0484-01
    )    PFBPP PABPP (F)
**WILLIAM T. WARREN**    )    In and for Kent County
    )
    Defendant.    )
    ID No. 1207020480    )

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Stephen R. Welch, Esq., for David Favata, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

William T. Warren, *Pro se.*

FREUD, Commissioner
February 24, 2016

The defendant, William T. Warren ("Warren"), pled guilty on November 29, 2012, to one count of Possession of a Firearm by a Person Prohibited (PFBPP), 11 *Del. C.* § 1448. He was also facing sixteen additional counts of PFBPP.[1] *Nolle prosequis* were

---

[1] Warren had originally faced a number of additional charges which the State had previously *nolle prosequis* on October 2, 2012 for lack of merit due to new facts uncovered.

entered by the State on the additional 16 PFBPP charges in exchange for Warren's plea. As part of the Plea Agreement the parties agreed that Warren was a habitual offender and that he should be sentenced to eight years minimum mandatory incarceration followed by probation. Warren faced a minimum mandatory sentence of eight years on each of the 17 PFBPP charges, and a maximum of life in prison if he had he gone to trial and been found guilty as charged. The Court agreed with the recommended sentence and sentenced Warren accordingly.

The charges stem from a home invasion during which the victims reported having numerous firearms stolen. Initially the victims identified Warren and his co-defendant, Anthony Richardson ("Richardson"), as the perpetrators of the home invasion and theft. Warren and Richardson were quickly stopped by the police based upon the victims' description of their vehicle. Warren was the driver of the vehicle. Once stopped, the police were able to see the stolen firearms in plain view on the car's back seat. Warren and Richardson were then charged with multiple offenses including Robbery and Theft along with PFBPP. Subsequently, the victims changed their report and admitted that Warren and Richardson had not stolen the firearms but that the victims had offered Warren and Richardson a reward for recovering the weapons. Warren and Richardson successfully recovered the firearms but the victim failed to give the promised reward so Warren and Richardson kept the weapons. Consequently, the victims then called the police and identified the defendants as having the weapons in their vehicle leading to their arrest with the weapons in the car. Warren was a person prohibited from possessing a firearm due to his previous felony convictions and his admitted habitual offender status. For this reason Warren would have faced a minimum mandatory sentence of eight years in prison on each PFBPP charge and the possibility of life in prison had he been found guilty.

Clearly, given the evidence, Warren's plea was extraordinarily beneficial to him. Warren did not appeal his conviction or sentence to the Delaware Supreme Court. Instead he filed the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61 on March 19, 2013 in which he alleges, in part, ineffective assistance of counsel.

The matter was set for briefing and Warren's trial counsel responded to the claims of ineffective assistance of counsel. Next Warren moved to amend his motion to add additional grounds for relief. The motion was granted and trial counsel was given an opportunity to reply to the new allegation. The State also responded to the motion and Warren filed a response. Next, prior to the matter being set for decision, Warren filed a motion for Appointment of Counsel, which was granted and Alexander Funk, was appointed to represent Warren in his motion. After reviewing the file, appointed counsel determined that there were no meritorious grounds for relief and moved to withdraw as counsel. He subsequently filed a memorandum with the Court detailing his review of the case and Warren's arguments. On October 7, 2015 the Court granted appointed counsel's motion to withdraw.

## WARREN'S CONTENTIONS

In his original motion filed April 11, 2013 Warren raised a variety of claims, all grouped together under one ground for relief;

Ground One:     Ineffective Assistance of Counsel.
Defense counsel failed to consult with Movant about the right to appeal.

Defense Counsel and State promised Movant on November 29, 2012 that Movant would receive 18 month Level 3 Probation sentence - the same sentence offered to co-defendant Anthony Richardson.

3

Defense Counsel pressured Movant to provide information to assist his case and gain a more favorable plea offer for movant.

Brady Material not requested by Defense Counsel.

Defense Counsel did not file Motion to Suppress.

Defense Counsel Failed to Develop Mitigating Evidence.

On May 15, 2013 Warren filed an amendment to his motion seeking to incorporate an affidavit by Movant that "outlines a series of questions" that Movant would like Defense Counsel to answer, to-wit. It is listed as ground two.

Ground Two: Defense Counsel should not recommend to a defendant acceptance of a plea unless appropriate investigation and study of the case has been completed. Do you agree or disagree?

An appropriate investigation involves interviewing the victims and visiting the crime scene. Were these two things included in your investigation?

Are you aware that Brady material is a part of Due Process?

Did you file for, and provide to Movant, Brady material?

Defense Counsel should not misrepresent matters of fact or law.

Important rights of the accused can be protected and preserved only by prompt legal action. Defense Counsel should consider all procedural steps which in good faith may be taken, including, for example, Motion for Pre-Trial Release; Motion for Change of Venue or Continuance; Motion to Suppress Evidence.

4

Motion to Suppress Movant's Statement no filed.

Defense Counsel did not keep Movant promptly informed regarding developments in the case and the progress of preparing the defense.

Defense Counsel did not provide copies of the statements from the alleged victims.

Certain decisions relating to a case are ultimately for the Movant to decide and Defense Counsel to decide. The decisions to be made by Movant after consultation with Defense Counsel include: what plea to enter; whether to accept a plea agreement; whether to waive jury trial; whether to testify in his or her own behalf; and whether to appeal.

Movant's desire to appeal.

As noted above, after reviewing the two grounds for relief were meritless and that appointed counsel concluded that Warren's time were no legitimate grounds for relief.

## DISCUSSION

Under Delaware law, this Court must first determine whether Warren has met the procedural requirements of Superior Court Criminal Rule 61(I) before it may consider the merits of his postconviction relief claim.[2] This is Warrens' first motion for postconviction relief, and it was filed within one year of his conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be presented in initial Rule 61 motion, are met. None of Warren's claims were raised at the plea, sentencing, or on direct appeal.

---

[2] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).

5

Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. To some extent each of Warren's claims are based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised them earlier.

At this point, Rule 61(i)(3) does not bar relief as to Warrens' grounds for relief, provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of counsel, Warren must meet the two-prong test of *Strickland v. Washington*.[3] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[4] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[5] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[6] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was

---

[3] 466 U.S. 668 (1984).

[4] *Id*. at 687.

[5] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[6] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

professionally reasonable.[7] This standard is highly demanding.[8] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[9]

Following a complete review of the record in this matter, it is abundantly clear that Warren has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find trial counsel's affidavit and appointed counsel's motion to withdraw, in conjunction with the record, more credible that Warrens' self-serving claims that his counsel's representation was ineffective. Warrens' counsel clearly and unequivocally denies the allegations. Furthermore, appointed counsel thoroughly reviewed the record in this case an concluded that none of Warren's claims were meritorious and that no other meritorious claims could be found.

As noted, Warren was facing the possibility of life in prison had he been convicted, and the sentence and plea were reasonable under all the circumstances, especially in light of the overwhelming evidence against him. Prior to the entry of the plea, Warren and his attorney discussed the case. The plea bargain was clearly advantageous to Warren. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Warren entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[10] Consequently,

---

[7] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[8] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[9] *Strickland*, 466 U.S. at 689.

[10] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

Warren has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Warren was somehow deficient, Warren must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[11] In an attempt to show prejudice, Warren simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the overwhelming evidence against him. Therefore, I find Warrens' ground for relief are meritless.

To the extent that Warren alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[12] At the guilty-plea hearing, the Court asked Warren whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Warren if he understood he would waive his constitutional rights if he pled guilty; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Warren if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Warren if he was giving the plea of his own free will because he was satisfied that the State had

---

[11] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

[12] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

8

sufficient evidence to convict him. The Court also asked Warren if he was satisfied with this counsel's representation. Warren answered each of these questions affirmatively.[13] I find counsel's representations far more credible than Warrens' self-serving, vague allegations.

Furthermore, prior to entering his guilty plea, Warren signed a Guilty Plea Form and Plea Agreement in his own handwriting. Warrens' signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Warren is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[14] I confidently find that Warren entered his guilty plea knowingly and voluntarily and that Warrens' first ground for relief are completely meritless.

## CONCLUSION

I find that Warrens' counsel represented him in a competent and effective manner and that Warren has failed to demonstrate any prejudice stemming from the representation. I also find that Warrens' guilty plea was entered knowingly and voluntarily. I recommend that the Court ***deny*** Warrens' motion for post conviction relief as procedurally barred and completely meritless.

/s/Andrea M. Freud
Commissioner

AMF/jb
oc: Prothonotary

---

[13] *State v. Warren*, (November 29, 2012) Tr. at 6-9.

[14] *Sommerville* 703 A.2d at 632.

9